UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                       Case No:   2:14-cv-153-FtM-38CM

JOHN DOE,

    Defendant.

### ORDER

Before the Court is Plaintiff Malibu Media, LLC's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. 3), filed on March 31, 2014. Plaintiff alleges that it is the registered owner of the copyrights at issue, identified in Exhibit B to the Complaint (Doc. 1-2), and filed this action for direct copyright infringement pursuant to 17 U.S.C. §§ 101 *et seq.*, based upon Defendant's use of "BitTorrent" protocol and the internet to commit the infringement. Subsequent to filing the Complaint, Plaintiff filed the instant motion to conduct early discovery.

Plaintiff alleges that the John Doe Defendant, without Plaintiff's consent or permission, reproduced and distributed Plaintiff's copyrighted works, thereby violating its exclusive right to reproduce, redistribute, perform and display the copyrighted works. Doc. 1 at 6. The true identify of Defendant is unknown at this early stage of the litigation, but Defendant can be identified by his Internet Protocol ("IP") address, assigned to Defendant by the Internet Service Provider ("ISP").

Plaintiff states that, although the identify and address of the Defendant is not yet known, the IP address responsible for the infringement can be traced to a physical address located within the Middle District of Florida. Doc. 1 at 2. Plaintiff is thus requesting leave to serve a Rule 45 subpoena on the non-party ISP solely to determine the true identity of the John Doe Defendant in order to effectuate service of process and proceed with this case.

Pursuant to Middle District of Florida Local Rule 3.05(c)(2)(B), a party may not seek discovery prior to the case management meeting without first obtaining a Court Order. Rule 26, Federal Rules of Civil Procedure, similarly provides that parties may not seek discovery before a Rule 26(f) conference, except in proceedings exempted from initial disclosure, when authorized by the Federal Rules, when the parties have so stipulated, or by court order. Fed. R. Civ. P. 26(d)(1). A court may authorize early discovery for convenience of the parties or witnesses, and in the interests of justice, and may order discovery of any relevant matter for good cause. Fed. R. Civ. P. 26(b), 26(d)(2).

"Courts in these BitTorrent copyright cases frequently permit a plaintiff to issue a Rule 45 subpoena to discover the identity of an unknown infringer where it can demonstrate (1) a prima facie showing of infringement, (2) that there is no other way to identify the Doe defendant, and (3) that there is a risk the ISP will destroy its logs prior to the conference." *Voltage Pictures, LLC v. Doe 4*, No. 6:13-cv-688-Orl-31KRS, 2013 WL 3422970, *1 (M.D. Fla. July 8, 2013); *Bait Productions Pty. Ltd. v. Doe 1*, No. 6:12-cv-1637-Orl-31DAB, 2013 WL 718330, *1 (M.D. Fla. Feb. 27, 2013)

("This Court and others frequently permit Rule 45 subpoenas to issue in peer to peer copyright cases such as this one."); *Malibu Media, LLC v. Doe*, No. 2:13-cv-259-FtM-99SPC, 2013 WL 2154818 (M.D. Fla. May 17, 2013) (granting Malibu Media, LLC's motion for leave to serve Rule 45 subpoena in advance of Rule 26(f) conference); *Bicycle Peddler, LLC v. Doe 39*, No. 6:13-cv-594-Orl-37TBS, 2013 WL 1703986, *1 (M.D. Fla. Apr. 19, 2013) (gathering cases in which courts have authorized early discovery in internet infringement cases).  *See also Malibu Media, LLC v. Doe*, No. 13-21579-CIV, 2013 WL 2950593, *1 (S.D. Fla. June 14, 2013) (finding that "Plaintiff has established that good cause exists for it to serve a third-party subpoena on Comcast Cable, the ISP identified in the complaint, because a Rule 45 subpoena to John Doe's ISP is the only way in which Plaintiff can identify John Doe and thus move forward with the case").  Some courts have also required plaintiffs to show a central need for the information, and that the defendants have no expectation or a minimal expectation of privacy, which is outweighed by the plaintiffs' need for the information.  *See, e.g.*, *Bicycle Peddler, LLC*, 2013 WL 1703986, *1; *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010).

In the instant case, Plaintiff has made a prima facie showing of copyright infringement.  In its Complaint, Plaintiff asserts that it holds copyrights to the works at issue, and identifies the specific copyrights it alleges have been infringed.  Doc. 1 at 1, 5; Doc. 1-2.  Further, the signed declaration of Plaintiff's investigator, retained to monitor infringement of Plaintiff's copyrighted works, states that his

research indicates there has been infringement and that he was able to isolate the transactions and the IP addresses being used to commit the infringement.  Doc. 3-4.

Plaintiff has also shown that it has attempted to identify Defendant but cannot learn Defendant's true identity based upon the information now known, and thus has established that it lacks any other method of obtaining Defendant's identifying information.  Plaintiff has also shown that ISPs may only maintain their internal information logs for short periods of time, thus creating a risk that the information will be destroyed prior to the Rule 26(f) conference.  Doc. 3-1 at 3.  Moreover, a Rule 26(f) conference cannot take place until the identity of Defendant is known and Defendant has been served.  Finally, any expectation of privacy held by Defendant does not outweigh Plaintiff's need for the information necessary to enforce its copyrights.

Plaintiff has thus shown good cause to conduct limited discovery prior to the Rule 26(f) conference in this case, and the Court will allow Plaintiff to serve a Rule 45 subpoena on the ISP to determine the name, address, telephone number, and e-mail address of the Defendant to whom the IP address was assigned by the ISP, as set forth in Exhibit A to the Complaint (Doc. 1-1), or on any other service provider that is later identified in response to this initial subpoena.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. 3) is **GRANTED**.

2. Plaintiff is permitted to serve a Rule 45 subpoena commanding the ISP to provide Plaintiff with the name, address, telephone number, and e-mail address of Defendant to whom the ISP assigned the IP address, as set forth in Exhibit A of the Complaint. Doc. 1. Plaintiff shall attach to any such subpoena a copy of the Complaint, Motion, and this Order

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is later identified in response to this initial subpoena as a provider of internet services to Defendant.

4. If the ISP qualifies as a "cable operator" as defined in 47 U.S.C. § 522(5), which states:

> [T]he term "cable operator" means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system,

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed,

by sending a copy of the Complaint, Motion, and this Order to Defendant.

5. Any ISP that receives a subpoena pursuant to this Order shall not assess any fee to Plaintiff in advance of providing the information requested in the subpoena, but may elect to charge a reasonable amount for the costs of production. If necessary, the Court shall resolve any disputes between the ISP and Plaintiff

regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

6. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida on this 18th day of April, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record